IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RANDY DEWAYNE BARNETT, :
 :
   Plaintiff, : Case No. 5:24-CV-00017-MTT-MSH
 :
  v. :
 :
HANCOCK STATE PRISON, :
Doctor CARL LIFT, : Proceedings Under 42 U.S.C. §1983
 : Before the U. S. Magistrate Judge
   Defendants. :

_____

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Randy Dewayne Barnett, a prisoner confined in the Hays State Prison in Trion, Georgia filed a complaint seeking relief under 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. Plaintiff's complaint was transferred to this Court. ECF Nos. 3 and 4. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, as discussed below. This civil action is now ripe for preliminary review. Upon such review, Plaintiff may proceed with his Eighth Amendment claim against Defendant Doctor Carl Lift for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims as to Hancock State Prison be **DISMISSED without prejudice**.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security

1

therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.   However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the facility in which Plaintiff is currently housed   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also

3

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.

4

*Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Plaintiff's Allegations</u>

Plaintiff's claim arises from his incarceration at Hancock State Prison in Sparta, Georgia.   ECF No. 1 at 4.   Plaintiff states that on February 19, 2023, he "went to an outside hospital" where he "was diagnosed with a hydroseal".   *Id.*   Plaintiff was prescribed medication to treat his condition.   *Id.*   He states that on February 21, 2023, he had a visit with Doctor Carl Lift who is a doctor within Hancock State Prison.   *Id.* at 3-4. Plaintiff complains that he "tried to show the doctor that the swelling in [his] testicle had gotten worse" and Doctor Lift "refused to look."   *Id.* at 4.   Plaintiff further complains that he went without his prescribed medication "from 2/19/23 to 2/24/23."   *Id.*   Plaintiff claims that "[d]uring the weekend before [he] was sent for emergency surgery [his] mother repeatedly called the prison to inform them something was wrong[.]"   *Id.*   Plaintiff states that on February 27, 2023, he "was forced to lay down on the sidewalk and refuse to move, until [he] got medical aid" and "[o]nce [he] seen the medical staff they sent [him] for out

treatment." *Id*.  Plaintiff claims that he "had an amputation of [his] right testicle due to medical indifference by the doctor and due to lack of medications." *Id*. at 5.  Plaintiff seeks damages and "the release of [his] probation terms."[1]  *Id*.

III.   Plaintiff's Claims

1.  Defendant Hancock State Prison

Plaintiff has named the Hancock State Prison as a Defendant.  *Id*. at 1 and 4. However, the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).   Under Georgia law and binding federal precedent, a prison, jail, or other detention facility such as Hancock State Prison is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia

---

[1]   Monetary damages are an acceptable request for relief in a § 1983 action.  *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973).  However, release from custody or any sentence due to a criminal conviction is not available as a remedy in a § 1983 action.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release".  *Id*. Therefore, district courts lack the authority in a § 1983 action to grant a plaintiff release from custody or his probation sentence as he requests.  *See id.*; ECF No. 1 at 5.

. . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Accordingly, it is **RECOMMENDED** that Plaintiff's claims as to the Hancock State Prison be **DISMISSED**.

    2. <u>Defendant Doctor Carl Lift</u>

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would

pose a "substantial risk of serious harm" if left unattended.   *Farrow*, 40 F.3d at 1243.   An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety."   *Farmer*, 511 U.S. at 837.   Additionally, the disregard of risk must be "by conduct that is more than mere negligence."   *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).   "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."   *Id.*

Plaintiff's allegations that he was diagnosed by a hospital physician with a testicular condition that, within a week, led to amputation of his testicle is sufficient to show a serious medical need at this stage in the litigation.   ECF No. 6 at 4-5.   Plaintiff states that Defendant Doctor Lift refused to examine his testicles at a follow-up visit within Hancock State Prison and did not ensure that Plaintiff received his prescribed medication to treat his condition.   *Id*.   Plaintiff's averment that Defendant Dr. Lift was personally notified by the Plaintiff that his condition was worsening, and that Dr. Lift overtly refused to examine or medically treat Plaintiff's condition is sufficient to show deliberate indifference at this stage in the litigation.   *See e.g. Rhiner v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x, 930 (11th Cir. 2017) (per curiam) (finding allegations that medical staff was aware of serious medical need and "failed to act" sufficient to state Eighth Amendment claim); *Adams v. Poag,* 61 F.3d 1537, 1543-44 (11th Cir. 1995) (citing *Carswell v. Bay Cnty.*, 854 F.2d 454, 457 (11th Cir. 1988)).   "Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate

indifference." *Id*.   Accordingly, Plaintiff may proceed with his Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Doctor Carl Lift for further factual development.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Eighth Amendment claim against Defendant Doctor Carl Lift shall proceed for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's claims as to Defendant Hancock State Prison be **DISMISSED without prejudice.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection should be no longer than **TWENTY (20) PAGES** in length.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Doctor Carl Lift of Hancock State Prison, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response

as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform

Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the

possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and

all opposing attorneys and/or parties advised of their current address.   Failure to promptly

advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute.   Defendant is similarly advised that he is expected to

diligently defend all allegations made against him and to file timely dispositive motions as

hereinafter directed.   This matter will be set down for trial when the Court determines that

discovery has been completed and that all motions have been disposed of or the time for

filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and

correspondence with the Clerk of Court.   A party need not serve the opposing party by

mail if the opposing party is represented by counsel.   In such cases, any motions,

pleadings, or correspondence shall be served electronically at the time of filing with the

Court.   If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED, DIRECTED, AND RECOMMENDED**, this 11th day of March, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE