IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDY DEWAYNE BARNETT, | : |
| Plaintiff, | : |
| VS. | : Case No. 5:24-cv-00017-MTT-AGH |
| Doctor CARL LIFT, | : |
| Defendant. | : |

## ORDER

Before the Court is Plaintiff's motion to appoint counsel (ECF No. 16).[1] Plaintiff claims that appointed counsel is necessary because he cannot afford counsel, his imprisonment will limit his ability to litigate this matter, the issues are complex, he has limited to no access to the law library with little knowledge of the law, and a trial in this case will likely involve conflicting testimony. Pl.'s Mot. to Appoint Couns. 1-2, ECF No. 16.

A district court "may request an attorney to represent any person unable to afford counsel."[2] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a 42 U.S.C. § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is

---

[1] Plaintiff's unsigned motion to appoint counsel (ECF No. 14) is **TERMINATED**.

[2] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under 28 U.S.C. § 1915).

"instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Despite Plaintiff's claims of limited knowledge or experience in the law, he adequately presented his claims such that his claims survived frivolity screening without being ordered to recast them, he was granted *in forma pauperis* status, and the Court ordered service on Defendant (ECF Nos. 1, 6). It thus appears to the Court that Plaintiff—at this time—has the ability to present his case to the Court. Should it subsequently become apparent that appointed counsel is necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 16) is **DENIED**.

**SO ORDERED**, this 22nd day of July, 2024.

                                                 s/ *Amelia G. Helmick*
                                             UNITED STATES MAGISTRATE JUDGE